92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ZACKY FARMS, a California corporation, Plaintiff-Appellant,
v.
CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, a Nebraska
corporation, Defendant,
and
Continental Insurance Company, a New Hampshire corporation,
Defendant-Appellee.
 No. 95-15046.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided Aug. 2, 1996.
 
 Appeal from the United States District Court, for the Eastern District of California, DC No. CV-93-05599-OWW; Oliver W. Wanger, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: WOOD, Jr.,* CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zacky Farms appeals the district court's grant of summary judgment for defendant Continental Insurance Co. in this declaratory action. Zacky Farms sought a determination that Continental, its insurer, was required to defend Zacky Farms in an underlying state action. The district court had diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We will not repeat the facts here because the parties are familiar with them. We review de novo the district court's grant of summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). Because federal court jurisdiction in this case is based on diversity, the substantive law of California applies. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1556 (9th Cir.1991). We apply California law as we believe the California Supreme Court would. Id.
 
 
 4
 The district court found that Continental did not have a duty to defend Zacky Farms because the Anderson complaint did not state a claim that potentially was within the scope of the policy. See Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co., 976 F.2d 1037, 1039 (7th Cir.1992). The California courts prefer to construe an insurance policy "as an entirety, with each clause lending meaning to the other." Holz Rubber Co. v. American Star Ins. Co., 533 P.2d 1055, 1061 (Cal.1975). We must consider two provisions of the Continental policy: the pollution exclusion, which excludes coverage for bodily injury and property damage liability arising from pollution, and the personal injury provision, which covers damages arising from certain offenses, including "wrongful entry or eviction, or other invasion of the right of private occupancy."
 
 
 5
 We find Titan Corp. v. Aetna Casualty & Surety Co., 27 Cal.Rptr.2d 476 (App.1994), and the California cases that follow it, controlling in this case. Titan Corp. held that extending coverage for the pollution damage under the personal injury provision would violate basic principles of contract interpretation, because the policy "unambiguously declares it will not pay for either bodily injury or property damage when the cause of such injury or damage is pollution." Id. at 486. That case "interpret[ed] the coverage afforded by the personal injury portion of the policy as being limited to damages other than the injury to realty which an occupier of land may suffer when his quiet enjoyment of occupancy is disturbed." Id. Finding coverage under the personal injury provision, the Titan Corp. court explained, would render the pollution exclusion a "dead appendage." Id. at 486.
 
 
 6
 Legarra v. Federated Mutual Insurance Co., 42 Cal.Rptr.2d 101 (App.1995) followed the reasoning of Titan Corp. In that case the insurance policy contained a pollution exclusion provision and personal injury provision with language almost identical to that of the policy at issue in this case. See id. at 103-04. In Legarra, the insured made the same arguments as Zacky Farms does here. See id. at 107. Legarra found that "[t]o interpret groundwater pollution as a wrongful entry or other invasion of the right to private occupancy would nullify the pollution exclusion since all property damage caused by pollution would simply be recast as personal injury." Id. at 108. The court emphasized that it must interpret the contract to give effect to every part if possible. Id. at 109. The California Court of Appeals also reached the same result in Union Oil Co. v. International Insurance Co., 44 Cal.Rptr.2d 4, 7-10 (App.1995).
 
 
 7
 Martin Marietta Corp. v. Insurance Co. of North America, 47 Cal.Rptr.2d 670 (App.1995), is somewhat contrary to Titan Corp. and its progeny. In that case, the California Court of Appeals interpreted a personal injury provision that was similar to the provisions in these other cases. Id. at 672. In Martin Marietta, however, the insurance policy did not contain a pollution exclusion. Id. at 672, 677. The court in Martin Marietta noted that the result in Titan Corp. depended in large part on the existence of the pollution exclusion, which was not present in Martin Marietta. Id. at 677. The court thus found that Titan Corp. was not directly applicable to Martin Marietta. Id. Nevertheless, the court proceeded to criticize the "alternative holding" in Titan Corp. that there was no coverage because the personal injury coverage would not apply to acts that amount to "trespass, nuisance, and similar causes of action." Id. In Martin Marietta, the court held that the phrases "wrongful entry" and "other invasion of the right of private occupancy" might include coverage for damages arising from trespass or nuisance. Id. at 681-83. Because the court concluded that those phrases were ambiguous, and ambiguities are generally interpreted in favor of the insured, it found that the claims for pollution damages were covered by the policy. Id. at 683-84.
 
 
 8
 We find it unnecessary to resolve this conflict between Martin Marietta and Titan Corp. We find Titan Corp., Legarra, and Union Oil to be strong indicators that the California Supreme Court would not find that coverage is afforded for injuries arising from pollution if there is a pollution exclusion provision in the policy. In those three California cases, the pollution exclusion provision did not explicitly say that the pollution exclusion provision applied to the whole policy. Rather, the pollution exclusion provisions in those cases said that there was no coverage for bodily injury or property damage arising from pollution. In all those cases, the courts found that there was no coverage for damages arising from pollution under any other provision in the policy, specifically the personal injury provision, because of this exclusion. This is exactly the case we are presented with here. Martin Marietta does cast some doubt about the ejusdem generis analysis in Titan Corp., but Martin Marietta can be distinguished because of the lack of a pollution exclusion provision. Therefore, we are not persuaded that Martin Marietta changes the result in this case.
 
 
 9
 We hold that the pollution exclusion provision precludes coverage under the Continental insurance policy, and that there is no coverage under the personal injury provision for damages in the state nuisance action. We agree with the district court that finding coverage under the personal injury provision would render the pollution exclusion provision a "dead appendage," see Titan Corp., 27 Cal.Rptr.2d at 486, and that the California Supreme Court would so hold. Continental therefore did not have a duty to defend its insured, Zacky Farms, in the state court action.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seven Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3